# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2311 | **DATE** | 5/3/2004 |
| **CASE TITLE** | John P. Hinton vs. Trans Union LLC, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant USA Funds' 12(b)(6) Motion to Dismiss Count VI [62-1] is denied. Status hearing date of 5/13/04 at 10:00a.m. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 0 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 74 |
| ✓ | Docketing to mail notices. | | Jxm | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 2004 MAY -3 PM 4:27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOHN P. HINTON, )
)
    Plaintiff, )
)
v. ) Case No. 03 C 2311
)
TRANS UNION LLC, USA FUNDS ) Hon. Mark Filip    DOCKETED
DIVERSIFIED CREDIT, and FORD )
MOTOR CREDIT, ) MAY 0 4 2004
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff John Hinton filed this suit against Defendants Trans Union LLC, Verizon Wireless, USA Funds, Diversified Credit, and Ford Motor Credit, alleging various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*[1] On December 5, 2003, Magistrate Judge Geraldine Soat Brown granted Mr. Hinton leave of court to file a second amended complaint ("Amended Complaint" or "Am. Compl.") (D.E. 53), which added an additional count (Count VI) against Defendant USA Funds under § 1681b of the FCRA. This matter is before the Court on Defendant USA Funds's 12(b)(6) Motion to Dismiss Count VI for Failure to State a Claim ("Motion"). For the following reasons, Defendant USA Funds's Motion is denied.

I.    Background

The following facts relevant to Count VI are taken from Mr. Hinton's Amended

---

[1]    USA Funds is the only Defendant remaining in this suit. By stipulation of the parties, Defendants Trans Union, Diversified Credit, and Ford Motor Credit were dismissed with prejudice on March 15, 2004. (D.E. 73.) Verizon Wireless does not appear as a Defendant in the caption of this case because the Court dismissed it without prejudice on Plaintiff's motion before he filed his Second Amended Complaint. (D.E. 41.)

Complaint, presented in the light most favorable to him, and accepted as true for purposes of this Motion. Although it is not entirely clear, it appears that USA Funds guaranteed (or was otherwise involved in) a student loan that was extended to Mr. Hinton. (Am. Compl. ¶ 9.) That loan was consolidated, and the original holder of the loan was paid in full, at some point in September of 2000. (*Id.*) As a consequence, Mr. Hinton's liability to USA Funds was extinguished on September 12, 2000. (*Id.* ¶ 46.) Despite the original loan holder having been paid in full, however, USA Funds reported inaccurate, negative credit information to credit reporting agencies regarding Mr. Hinton's repayment of the student loan. (Am. Compl. ¶¶ 9, 41-44.) Mr. Hinton filed suit on April 3, 2003. (D.E. 1.) During the course of this litigation, Mr. Hinton discovered that sometime since March 1, 2003, USA Funds, without his permission, accessed his credit report. (*Id.* ¶ 47.)

II. <u>Legal Standard</u>

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the Court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)

III. Discussion

    A.    USA Funds Is a "Person" for Purposes of Section 1681a(b) and Therefore May Be Liable Under Section 1681b(f)

USA Funds contends that Section "1681b only limits the dissemination of consumer reports by 'consumer reporting agencies.'" (Mem. of Law in Supp. of Def.'s Motion ("Mem.") at 3.) USA Funds further contends that "[b]ecause USA Funds, a 'furnisher of information,' merely *utilized* a consumer report, it cannot be held liable under § 1681b." (*Id.* at 4 (emphasis added).) The Court respectfully disagrees. As discussed further below, USA Funds cites outdated case law and an unpublished order of the Seventh Circuit as authority for its argument that a "user" of a credit report cannot be liable under Section 1681b. Simply put, USA Funds's argument on this point is incorrect as a matter of law.

In 1996, Congress amended the FCRA, effective September 30, 1997, "to add to [S]ection 1681b a provision that forbids using or obtaining a consumer report unless the report was obtained for a permitted purpose." *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002) (citing 15 U.S.C. § 1681b(f)); *see also, e.g., Myers v. Bennett Law Offices*, 238 F. Supp. 2d 1196, 1201 n.1 (D. Nev. 2002) ("Congress added [S]ection[] 1681b(f) to the statutory regime under the Consumer Credit Reporting Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-426 . . . , in order to expressly extend liability to users of credit reports."). The pre-1996 amendment version of Section 1681b, "which generally stated the circumstances under which consumer reporting agencies could provide reports, did not impose a duty on users of reports to refrain from requesting reports without a proper purpose." *Phillips*, 312 F.3d at 363. However, the 1996 amendments added subsection (f) to Section 1681b, which provides that

3

> [a] *person shall not use or obtain* a consumer credit report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f) (emphasis added). Section 1681a(b) of the FCRA, in turn, defines the term "person" as "any individual, partnership, corporation, . . . or other entity." 15 U.S.C. § 1681a(b).

Post 1996 amendment case law within this circuit—all of which was in existence prior to USA Funds's filing of its Motion—reflects this change. *See, e.g., Chester v. Purvis*, 260 F. Supp. 2d 711, 718 n.1 (S.D. Ind. 2003) ("[The statute] governs not merely obtaining a consumer credit report, but *using* one as well.") (emphasis in original); *Castro v. Union Nissan, Inc.*, No. 01-4996, 2002 WL 1466810, at *3 (N.D. Ill. July 8, 2002) ("[T]he statute itself makes clear that a person or entity that uses or obtains a consumer's credit report . . . may be found civilly liable to that consumer.") (citing 15 U.S.C. § 1681b(f)); *Del Amora v. Metro Ford Sales and Serv., Inc.*, 206 F. Supp. 2d 947, 949 (N.D. Ill. 2002) ("The FCRA prohibits any person from using or obtaining a consumer report for other than permissible purposes."). The pre-1996 amendment case law discussing the scope of Section 1681b cited by USA Funds is inapposite.

In both its Motion and its Reply Memorandum in Support of its Motion ("Reply"), USA Funds cites *Dumas v. City of Chicago*, 234 F.3d 1272 (7th Cir. 2000) (unpublished table order), for the proposition that Section 1681b only "imposes civil liability only for the dissemination of consumer credit reports by consumer reporting agencies . . . ." (Mem. at 3; Reply at 4.) USA Funds's "citation of this case and the failure to provide an explanation in a parenthetical or otherwise indicate that it is an unpublished [order] is, to say the least, somewhat misleading."

4

*Anzaluda v. Chicago Transit Auth.*, No. 02-2902, 2003 WL 124462, at *3 (N.D. Ill. Jan. 14, 2003). Local Circuit Rule 53 specifically provides that such an order is not to be cited or used as precedent "in any federal court within this circuit in any written document . . . ." 7th Cir. Rule 53(b)(2)(iv)(a). Even if the Court were permitted to consider *Dumas* (which it is not), *Dumas* relies on pre-1996 amendment case law as support for what appears to be an alternative basis for its holding and therefore, as set forth above, is similarly inapposite.

>   B. Mr. Hinton's Allegations Are Sufficient Under the Federal Rules of Civil Procedure

USA Funds takes issue with Mr. Hinton's factual allegations and argues that Count VI should be dismissed because Mr. Hinton "must allege and establish that USA Funds obtained the consumer report for an impermissible purpose." (Mem. at 4.) The Court respectfully disagrees. Under Federal Rule of Civil Procedure 8(a)(2), Count VI of Mr. Hinton's Amended Complaint must only contain a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mr. Hinton's Amended Complaint alleges, among other things, that USA Funds impermissibly accessed his credit report, that USA Funds did not have a legitimate business reason to do so (an allegation that the Court construes as a statement that USA Funds did not have a permissible purposes to obtain or use the report), and that he has suffered damages as a result. (Am. Compl. ¶ 47.) Accordingly, Mr. Hinton's allegations are sufficient under Federal Rule 8(a)(2), and "[a] complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

C.  USA Funds's Permissible Purpose Argument Is Unavailing

The parties appear to agree that USA Funds's preparation for litigation would qualify as a permissible purpose for USA Funds to access Mr. Hinton's credit report, which would entitle USA Funds to the relief it seeks in its Motion.[2] The parties, however, disagree over *when* USA Funds accessed Mr. Hinton's credit report. According to Mr. Hinton, USA Funds accessed his credit report sometime in March 2003—prior to the filing the of instant suit on April 3, 2003.[3] (Pl.'s Resp. to Def's Motion ("Response") at 5.) He also appears to further contend (when the statement is taken in context) that any access took place before USA Funds had notice of the instant litigation. (*Id.*) USA Funds denies that it accessed Mr. Hinton's report at all in March 2003 and further contends that it only accessed his credit report for purposes of this litigation, presumably sometime after April 3, 2003.

Mr. Hinton's allegation that USA Funds accessed his credit report "[s]ince March of 2003" could be read (again, reading Mr. Hinton's Amended Complaint in the light most favorable to him) as alleging that USA Funds accessed his credit report at some point between March 1, 2003, and April 3, 2003. (Am. Compl. ¶ 47.) As a result, USA Funds's permissible purpose argument falls away, and—while the Court finds such a reading strained—the Court cannot say that "it appears beyond doubt that [Mr. Hinton] can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. USA Funds may choose to submit this issue for resolution under the frame-work of a summary judgment;

---

[2]  The Court need not presently resolve whether this assumption is correct, given other factual disputes at play, as explained further below.

[3]  USA Funds's contention that Mr. Hinton filed his original complaint on March 21, 2003, is simply wrong. (*See* Reply at 2.)

however, the Court, on the record presently before it, declines to convert USA Funds's Motion into one for summary judgment on its own initiative.[4]

    D.    USA Funds's Alleged Affirmative Defense Under 15 U.S.C. § 1681s-2(b) Is Similarly Unavailing

USA Funds also contends it has an affirmative defense on the face of the pleadings. According to USA Funds, under the FCRA, "a 'furnisher of information' is required to reinvestigate credit information after receiving notice that the information it provided is in dispute. . . . [And] [t]he filing of this lawsuit served as notice that there was a dispute with [Mr. Hinton's] credit files." (Reply at 4.) This is another issue that the Court need not resolve at this juncture because USA Funds relies on this lawsuit as providing notice of the dispute. As set forth above, Mr. Hinton's Amended Complaint can be read as alleging that USA Funds accessed his credit report impermissibly prior to the instant litigation.

<u>Conclusion</u>

For the foregoing reasons, Defendant USA Funds's Motion is denied.

So ordered.

                                                    Mark Filip
                                                  United States District Judge
                                                  Northern District of Illinois

Dated:   MAY 3 2004

---

[4]    Accordingly, the Court did not consider the affidavit of Julie Ragsdale in deciding the Motion.